PEOPLE ex rel. McAULIFFE v. WOODS, Police Com'r.

(Supreme Court, Appellate Division, Second Department. March 31, 1916.)

MUNICIPAL CORPORATIONS ⬳185(13)—POLICE OFFICER—DISMISSAL—PROPRIETY.

Where a police officer, in proceedings before the deputy police commissioner to dismiss him from the force on charges of neglect of duty, etc., was offered an adjournment for a week, giving him ample opportunity for preparation, and affording him opportunity to be sworn in his own behalf and call any witnesses he might see fit, such officer, having testified fully in the County Court as to whatever crime, involved in the acts causing his dismissal, he was there charged with, so that he would not prejudice his defense by testifying before the commissioner, was not entitled to have the police commissioner's determination reviewed on

certiorari, for failure to afford him opportunity to testify or to procure witnesses.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 505–507; Dec. Dig. ☜185(13).]

Certiorari by the People, on the relation of James F. McAuliffe, against Arthur Woods, as Police Commissioner of the City of New York, to review his determination, dismissing relator from the police force. Determination of the commissioner confirmed, and writ dismissed.

Argued before JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

Edmund F. Driggs, of Brooklyn, for relator.

Frank Julian Price, of Brooklyn (Thomas F. Magner, of Brooklyn, on the brief), for respondent.

RICH, J. The relator alleges that he did not have a fair trial, and was not given the opportunity he was legally entitled to, to be sworn himself or to produce witnesses to testify in his behalf. His petition does not show that he would have denied any part of the testimony of the witnesses who testified against him, or that their testimony was untrue, or that he could have produced any witnesses who would have testified in his behalf to anything tending to exculpate him. The evidence is amply sufficient to sustain the determination of the police commissioner. I think the relator was given an ample opportunity to be sworn himself, and to produce any witnesses he may have had, and he suffers, if at all, from his own course taken by the hearings.

The record shows that upon the day fixed for the hearing an application was made by the relator for an adjournment, because of the engagement in court on that day of his attorney, and the application was granted. On the adjourned day he with his attorney attended, and without objection the witnesses were sworn in support of the charges in his presence, and fully cross-examined by his attorney, after which the prosecution rested. The relator's attorney stated to the deputy commissioner before whom the hearing was being had that a proceeding had been commenced against his client, the relator, before the grand jury, that an indictment would be found and trial had thereon in the County Court, that as a matter of justice to his client he did not want to disclose his defense prior to such trial, and he asked that the proceeding be adjourned until after the trial upon the indictment in the County Court. The deputy commissioner thereupon adjourned further proceedings indefinitely, upon the stipulation of the relator's attorney that his client would appear at any time on five days' notice. An indictment was found, trial had, and the jury disagreed, following which, and on December 16, 1914, the deputy commissioner convened his court, pursuant, as his record states, to adjournment, and called the case. The record shows the following to have then taken place:

"Mr. Bennett: The People against James McAuliffe, that was the case, if your honor recollects, that the complainant's testimony went in, and on my motion it was reserved—the defendant's end of it until—so as not

to jeopardize his chance on the trial in the County Court, until after that. We had a trial in the County Court, a three-day battle there, and the jury disagreed. The case has not been marked for retrial up to to-day, and I believe the officer has been given permission by his superior officer to get any position in the meantime he saw fit. I was going to say that I think this ought to be reserved generally until after our hearing in the County Court.

"Deputy Commissioner Godley: After your testimony has been once produced, it can't jeopardize him to come down and give it here now.

"Mr. Bennett: Well, it does, your honor. I will tell you why; he was on the stand pretty nearly over, about half a day himself, about, I quess, something like, say, 30 or 40 pages of testimony, or more than that, and that will all be gone over on the new trial. I was going to suggest this: Suppose we rest our end of it here, and await the trial in the County Court. If he is acquitted in the County Court, these charges hang on that naturally—

"Deputy Commissioner Godley: No; we deal with it as a matter of discipline, aside from the criminal side of it. His absence from post, for instance, is not a crime; he failed to obey the rule.

"Mr. Bennett: Well, your honor, I cannot put him on the stand here. I would not put a defense in here, because it would jeopardize his chances.

"Deputy Commissioner Godley: I don't see it. I will put it over for a week. It has got to be tried next week. I am not going to hold it up any longer.

"Mr. Bennett: I will make my motions now, if your honor please.

"Deputy Commissioner Godley: Very well.

"Mr. Bennett: I only want to say this: Suppose your honor should pass on this against the officer—

"Deputy Commissioner Godley: I won't pass on it until after the case is tried in the County Court; but I am going to finish the trial up, because, if he is found guilty, we can never finish the trial up.

"Mr. Bennett: No; if he was convicted, that would dismiss him.

"Deputy Commissioner Godley: That would dismiss him; yes. Then, after the Appellate Division passes on it, we have to put him back, without ever having tried him here.

"Mr. Bennett: Suppose I rest my end of the case here now; will your honor reserve decision?

"Deputy Commissioner Godley: All right.

"Mr. Bennett: Because I can't put him on here until after the trial.

"Deputy Commissioner Godley: Very well, then; the defendant rests his case without offering any evidence here now, on the understanding that I shall not decide until after the criminal trial is finished.

"Mr. Bennett: Yes.

"Deputy Commissioner Godley: All right.

"Mr. Bennett: Subject to my rights, etc., if your honor please; I put that in as a matter of protection.

"Deputy Commissioner Godley: Very well. (Decision reserved.)"

The defendant was offered an adjournment for a week, which gave him ample opportunity for preparation, and afforded him an opportunity to be sworn in his own behalf and to call any witnesses he might see fit to produce. There was no reason why the trial should not proceed. The relator had testified fully in the County Court as to whatever crime he was there charged with, and a repetition of such testimony before the deputy commissioner in no manner prejudiced him or jeopardized his case in the County Court. The charges embraced violations of department rules, neglect of duty, and conduct unbecoming an officer. The relator rested his case without offering any evidence, upon the agreement of the deputy commissioner not to decide it until after the second trial in the County Court. He did not decide it until September 20, 1915, more than nine months after the

testimony was closed, and after the criminal case had been disposed of. The relator contends that it was understood and intended that he should be given an opportunity to produce his evidence in the proceeding after the second trial upon the indictment had been had, but the record does not sustain his contention.

The cases to which attention is directed by counsel for the relator have no application to the facts presented by this record, and do not sustain his contention, his record is not good; and I advise that the determination of the commissioner be confirmed, and the writ dismissed, with $50 costs and disbursements. All concur, except CARR, J., not voting.